In the Matter of MAGNA PRODUCTS CORP., Bankrupt.

Israel M. Lerner, Trustee, Respondent-Appellant,

Barnet Mirror Corp., Petitioner-Appellee.

No. 201, Docket 24906.

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1957.

Decided Dec. 13, 1957.

Opinion Filed Jan. 13, 1958.

Levin & Weintraub, New York City (Benjamin Weintraub, Elias Mann and Ronald Levy, New York City, of counsel), for appellant.

Wasserman & Shagan, New York City (Isadore Hurwitz, New York City, of counsel), for appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Upon the filing of the petition in bankruptcy, and on October 2, 1957, Judge Bruchhausen appointed Israel M. Lerner as receiver of Magna Products Corp., and, on October 4, 1957, designated Louis J. Castellano as Referee in Bankruptcy in charge of proceedings relating to the bankrupt estate. In due course, after the adjudication of the bankrupt, a first meeting of creditors was had and Mr. Lerner was elected trustee on October 21, 1957. Shortly thereafter a dispute arose between the trustee and his attorney, apparently having its origin in some expressed reluctance on the part of the attorney to acquiesce in the continued employment of the accountant selected by the trustee. This dispute was of short duration, as the trustee immediately discharged his attorney, and substituted, with the approval of Referee Castellano, the firm of attorneys representing him on this appeal. The order of substitution or approval of the new counsel was signed by Referee Castellano on November 4, 1957.

Shortly after the discharge of the attorney first employed, one of the creditors, Barnet Mirror Corp., petitioner in this removal proceeding, suddenly discovered that there was "unnecessary delay in the administration of" the bankrupt estate, that Barnet Mirror Corp., "and other trade creditors" no longer "had confidence" in the trustee, and that there was "a lack of harmony." A petition for the removal of the trustee on the basis of these unsupported generalities was filed and promptly granted by the judge below, who refused to send the matter to Referee Castellano and

found it unnecessary to take any testimony in support or in refutation of the charges made against the trustee. Indeed, the procedure adopted was so summary that an order to show cause was signed by the same judge on November 4, 1957, the very day on which Referee Castellano approved the substitution of the new attorneys, and this order to show cause directed that the trustee be "enjoined, restrained and stayed from taking any steps, measures or proceedings or doing any act or thing in connection with the administration of the estate, except with the permission of this Court, and from removing any attorney or accountant and arranging for any substitution thereof." The proceeding to remove the trustee was argued on November 8, 1957, and the order removing him was signed on that day, with the stay still in effect until we vacated it on motion, prior to the hearing of this appeal from the order of removal.

 Sometimes creditors in a bankruptcy proceeding seem to think that they and their counsel are "running the show." But it is the function of the trustee to select his own attorney, unless the attorney selected lacks the necessary qualifications; and it is the business of the Referee in Bankruptcy, to whom the particular estate has been assigned, to assess these qualifications, and also those of accountants selected by the trustee to work on the books and accounts and prepare such reports as circumstances may require.

The record before us discloses no wrongful act on the part of the trustee but only what appears to be an attempt by certain creditors, friendly to the attorney who had been dismissed by the trustee, to have him reinstated, and perhaps also to bring about the employment of a new accountant. In any event, the entire proceeding is fatally defective because of the failure to observe the requirements of Bankruptcy Rule 18 of the Joint Rules of the Southern and Eastern Districts of New York, which provides:

"After a general reference, all applications whether ex parte or on notice, shall be made to the referee unless otherwise provided by law or by these rules. If an application is made to the judge after a general reference, the judge shall refuse to hear the application, unless the referee is absent and no other referee is available."

The proceeding for the removal of the trustee should have been noticed for hearing before Referee Castellano.

The order is reversed and the petition dismissed.